UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FONDA J. KILLEBREW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:03-cv-1497-DFH-VSS |
| ) | |
| ST. JOSEPH HOSPITAL & HEALTH ) | |
| CENTER INC., ) | |
| ) | |
| Defendant. ) | |

ENTRY ON PLAINTIFF'S RULE 60(B) MOTION

The court dismissed this action on September 27, 2004 for lack of prosecution and for failure to comply with the court's orders. On November 8, 2004, plaintiff filed a motion to reconsider. Because the motion was filed more than ten days after entry of judgment, the motion amounts to a motion under Rule 60(b)(1), which authorizes relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect."

Plaintiff's counsel asserted in the motion that he has been having trouble reading electronic pleadings and orders through the court's electronic case filing (ECF) system. He asserted that judicial economy would be best served by reinstating the case. Defendant has opposed relief, arguing that counsel's failures are not excusable neglect and that it would be prejudiced by having to defend the case on the merits.

The general rule is that "inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)." *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir. 1996), citing *United States v. 7108 West Grand Ave.*, 15 F.3d 632, 634 (7th Cir. 1994), and *Partee v. Metropolitan Sch. Dist.*, 954 F.2d 454, 458 (7th Cir. 1992). "Litigants whose lawyers fall asleep at critical moments may seek relief from the somnolent agents; inexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994). Despite the general rule, the court retains discretion under Rule 60(b)(1) to provide relief for attorney negligence that is otherwise excusable. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 361 (7th Cir. 1997) (reversing denial of relief where district court had concluded, based on earlier Seventh Circuit cases, that it lacked discretion to grant such relief). The court should exercise that discretion in light of all the relevant circumstances, including the danger of prejudice to the defendant, the nature of the party's failure and its potential impact on judicial proceedings, the reasons for the failure, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith. *Id.* at 359 (applying standard to failure to meet a filing deadline).

The court finds that it should not exercise its discretion to grant relief from the judgment. The nature of the failure here was plaintiff's failure to file an

amended and consolidated complaint when ordered to do so at a pretrial conference, and the repeated failure to respond to court inquiries and finally to the court's order to show cause. These failures to comply with deadlines and court orders cannot plausibly be blamed on difficulty with the court's ECF system. The problems began when counsel failed to comply with the deadline for filing an amended complaint after that deadline was set in a pretrial conference that he attended personally. Then the further problems were so prolonged and repeated that difficulty using the ECF system is not a legitimate excuse. The court understands that there are occasional glitches or isolated failures, either in individual law offices or in the court system. An attorney who is representing parties in this court should be expected to know, however, at least whether or not he is in electronic communication with the clerk's office over a period of months. The problems here were not occasional or isolated.

Turning to the other factors under *Robb*, granting relief would impose some prejudice on defendant because of the delay and additional expense resulting from plaintiff's failures. The court assumes that plaintiff and her counsel have acted in good faith. Ultimately, however, the need for orderly management of one of the busiest federal dockets in the nation persuades the court that it should not indulge the sort of repeated failings that occurred here. The court cannot be fair to other litigants and their counsel who comply with court orders if it must devote substantial resources to provide intensive and even lavish care to cases like this where one side — especially the side that came to court to seek relief — repeatedly

disregards its obligations toward the court, the opposing party, and the legal system more generally.

Accordingly, the court finds that the final judgment dismissing this action should stand, and plaintiff's Rule 60(b) motion is hereby denied.

So ordered.

Date: May 11, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jonathan C. Bumgarner
HALL RENDER KILLIAN HEATH & LYMAN
jbumgarner@hallrender.com

Derrick D. Eley
derrick@iquest.net

Stephen W. Lyman
HALL RENDER KILLIAN HEATH & LYMAN
slyman@hallrender.com mmarshal@hallrender.com

Fonda Killebrew
1333 North Locke
Kokomo, Indiana  46901